UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Israel Lopez Curruchich

v. Civil No. 1:26-cv-686-SE-TSM

Superintendent, Strafford County
Department of Corrections, et al.

O R D E R

Israel Lopez Curruchich filed a petition for a writ of habeas corpus on August 13, 2026, in the District of Massachusetts, contesting his detention and requesting, inter alia, a bond hearing. Doc. no. 1. Because the petitioner was detained in New Hampshire, the Massachusetts District Court transferred the case to this court on August 24, 2026. This court thereafter ordered the respondents to show cause on or before August 28, 2026, as to why it should not issue an order granting the petition to the extent of ordering them to afford the petitioner with a bond hearing based the First Circuit's decision in Guerrero Orellana v. Moniz, No. 25-2152, 2026 WL 2352042 (1st Cir. Aug. 13, 2026), or his similarity to the petitioner granted a bond hearing on procedural due process grounds in Destino v. FCI Berlin, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025). Doc. no. 15.

The respondents filed their response to the petition on August 27, 2026, wherein they incorporate by reference the legal arguments made on behalf of the respondents in certain prior cases and object to the court granting relief to the petitioner based on Destino. Doc. no. 19. Nonetheless, they acknowledge that the court would reach the same result in this case as it reached in Destino if it were to apply the same reasoning as set forth in that case. The respondents further acknowledge that the petitioner's case is governed by the First Circuit's

decision in Guerrero Orellana, thereby entitling him to a bond hearing pursuant to 8 U.S.C. § 1226(a).

The respondents have failed to show cause why the court should not order them to afford a bond hearing before an immigration judge (IJ) at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that he is dangerous by clear and convincing evidence. See Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021). Because the court is bound by Guerrero Orellana and because the reasoning in Destino applies in this case, the petition is granted, in part. The respondents are ordered to provide the petitioner with a bond hearing before an IJ as soon as practicable at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that he is dangerous by clear and convincing evidence. If the respondents fail to provide a bond hearing, the court will set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings. The petitioner's request that this court order his immediate release is denied without prejudice, as the court finds that ordering a bond hearing before an IJ as soon as practicable is sufficient to protect the petitioner's due process rights at this stage. The respondents shall file a status report within seven days, on or before September 3, 2026.

SO ORDERED.

Samantha D. Elliott
United States District Judge

August 27, 2026

cc: Counsel of record.